**MANDATE**

19-2503
*Langlois v. Hartford Board of Education, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty.

Present:
        DEBRA ANN LIVINGSTON,
            *Chief Judge*,
        DENNY CHIN,
            *Circuit Judge*,
        PAUL A. ENGELMAYER,
            *District Judge*.*

_____

LANI LANGLOIS,

        *Plaintiff-Appellant*,

    v.                                                                        19-2503

HARTFORD BOARD OF EDUCATION, KAREN LOTT, PRINCIPAL, PAUL OSYPUK,

        *Defendants-Appellees*.

    v.

PAUL ASYPUK

_____

\* Judge Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 11/18/2020

*Defendant.*
_____

| | |
|---|---|
| For Plaintiff-Appellant: | DAVID V. DEROSA, Law Offices of David V. DeRosa (James S. Brewer, Hartford, CT *on the brief*), Naugatuck, CT. |
| For Defendants-Appellees: | MELINDA B. KAUFMANN, Pullman & Comley, LLC, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Lani Langlois ("Langlois") appeals from an August 8, 2019 judgment of the U.S. District Court for the District of Connecticut (Eginton, *J.*) granting summary judgment in favor of the Hartford Board of Education, Karen Lott ("Lott"), principal, and Paul Osypuk ("Osypuk") (together, "Defendants-Appellees") as to Plaintiff-Appellant's discrimination claims under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60 *et seq.* ("CFEPA"), and 42 U.S.C. § 1983.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review grants of summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (quotation marks omitted). The burden is on the moving party to demonstrate that no genuine issue exists with respect to any material facts. *Id.* Nonetheless, the non-moving party "must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Id.* (quotation marks omitted).

### A. Langlois' Disparate Treatment Claims

Langlois argues on appeal that the district court erred in granting summary judgment to the Defendants-Appellees on her disparate treatment claims because issues of material fact exist as to whether she was subject to discrimination. We examine Title VII discrimination claims based on disparate treatment using the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). We apply this approach to CFEPA claims as well. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of discrimination. *See* 411 U.S. at 802. After the plaintiff has done so, the burden then shifts to the employer to "rebut that showing by articulating a legitimate, non-discriminatory reason for the employment action," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000), that is supported by admissible evidence "which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action," *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (2004)). Once the defendant employer has articulated a legitimate, non-discriminatory reason, "the presumption of

3

discrimination arising with the establishment of the prima facie case drops from the picture." *Weinstock*, 224 F.3d at 42. The plaintiff must then establish that the "employer's explanation is a pretext for race discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014); *accord McDonnell Douglas*, 411 U.S at 804.

Here, even assuming *arguendo* that Langlois established a prima facie case of race-based discrimination, she failed to produce evidence sufficient for a reasonable factfinder to conclude that the Defendants-Appellees' proffered reasons for their employment actions constituted mere pretext for unlawful discrimination. *See St. Mary's Honor Ctr.*, 509 U.S. at 519 ("It is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." (emphasis omitted)); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) ("[T]he plaintiff . . . must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant . . . were a pretext for discrimination." (quotation marks omitted)). Langlois' main evidence in support of her claim that the Defendants-Appellees' proffered reasons are pretextual were two comments allegedly made by the principal of the school where she worked. The first was allegedly made in Spring 2015 at a teachers' meeting, where the principal commented that "students should have teachers that look like them." *App'x* at 54, 131. The second comment—that "[w]hite teachers could not, are not competent to teach our students"—was allegedly made at another unspecified meeting. *App'x* at 54, 138. These stray remarks, troubling as they may be, are nonetheless insufficient to establish discrimination in the absence of other indicia of discrimination. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) ("[S]tray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination[.]" (citation omitted)).

4

Langlois has offered no other indicia of discrimination in the facts and circumstances she alleges. Notably, an outside consultant, not the principal, was responsible for providing Langlois' performance evaluations, which precipitated her departure from the school. **A68.** Furthermore, Langlois has not shown that she was treated less favorably than similarly situated non-white teachers. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) ("A showing of disparate treatment—that is, a showing that an employer treated plaintiff less favorably than a similarly situated employee outside of his protected group—is a recognized method of raising an inference of discrimination for the purposes of making out a prima facie case." (quotation marks omitted)). She points only to the experience of two other white teachers—that is, teachers inside of her protected group—who faced distinguishable situations. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) ("[P]laintiff must show that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." (quotation marks omitted)).

In sum, Langlois failed to submit evidence providing a basis on which a reasonable jury could conclude that she suffered adverse employment action as a result of discriminatory animus. The district court thus did not err in granting summary judgment to Defendants-Appellees on Langlois' disparate treatment claim.

### B. Langlois' Hostile Work Environment Claims

Langlois also contends on appeal that the district court erred in rejecting her claims for hostile work environment under Title VII and the CFEPA. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (explaining that Title VII's prohibition on discrimination extends to "a discriminatorily hostile or abusive [work] environment"). In order to prove a hostile work environment, a plaintiff must show that her "'workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of

5

the victim's employment and create an abusive working environment.'" *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010) (quoting *Demoret v. Zegarelli*, 541 F.3d 140, 149 (2d Cir. 2006)). Specifically, she must show that the conduct she complains of: (1) "is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive"; (2) "creates an environment that the plaintiff perceives as hostile or abusive"; and (3) "creates such an environment because of the plaintiff's [protected characteristic]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citation omitted). These same requirements apply to claims of hostile work environment under the CFEPA. *See Kaytor*, 609 F.3d at 556.

  Examining the evidence in the light most favorable to Langlois, we agree with the district court that a reasonable jury could not conclude that Langlois' workplace was "permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of her work environment." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004) (quotation marks and alterations omitted). First, Langlois alleges conduct that falls short of the requisite level of severity or pervasiveness necessary to establish an objectively hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 376-77 (2d Cir. 2002) (overturning a jury verdict in favor of plaintiff who had alleged twelve incidents contributing to her claim of a hostile work environment). Langlois offers no incident that is of a degree of severity that would give rise to a hostile work environment by itself. *Cf. Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (finding a valid hostile-work-environment claim where plaintiff alleged that her supervisor made one long, sexually explicit tirade against plaintiff in front of a large group). Indeed, the bulk of the conduct she complains of is reasonably expected in the school working environment: late-night emails about work-related matters, evaluations and follow-up meetings concerning work performance, criticism related to classroom management and teaching,

6

occasional rude interactions with bosses, and placement on a performance support plan after subpar evaluations. Second, Langlois has not demonstrated that, taken together, her allegations amount to a continuous or concerted series of incidents establishing a hostile work environment. The few isolated comments allegedly made by the school principal, mentioned previously, do not meet this threshold. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 713 (2d Cir. 1998) ("Although the alleged comments are despicable and offensive, they fail to constitute discriminatory behavior that is sufficiently severe or pervasive to cause a hostile work environment."). *See also Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (per curiam) ("[S]imple teasing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (quotation marks omitted)). In sum, a reasonable factfinder could not find on this record that the conditions alleged by Langlois amounted to race-based hostile work environment. Therefore, we conclude that the district court did not err in granting summary judgment to the Defendants-Appellees on Langlois' hostile work environment claim.

### B. Langlois' § 1983 Claims

Finally, Langlois' claims under § 1983 fail for the same reasons as stated above with respect to disparate treatment and hostile work environment under Title VII and CFEPA. *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (explaining that with respect to § 1983 claims based on Title VII and CFEPA, the substantive elements are "generally the same . . . and the two must stand or fall together"); *accord Patterson*, 375 F.3d at 225. Accordingly, the district court did not err in granting summary judgment to Defendants-Appellees with respect to these claims as well.

\*   \*   \*

8

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit